## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA as subrogee of NESCO, LLC | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.:<br>) |
| STRATEGIC PARTNER LLC | )<br>) |
| and | )<br>) |
| SP NATIONAL MANAGEMENT LLC | )<br>) |
| and | )<br>) |
| STRATEGIC PARTNER TN LLC | )<br>) |
| and | )<br>) |
| STRATEGIC PARTNER HOLDING, LLC | )<br>) |
| and | )<br>) |
| ADVANCED MACHINE TECHNOLOGIES, INC. | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| and | )<br>) |
| HALEY ELECTRIC LLC | )<br>) |
| and | )<br>) |
| GIL STARNES d/b/a STARNES ELECTRIC COMPANY | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Travelers Property Casualty Company of America as subrogee of NESCO, LLC, in the above captioned matter, by and through its undersigned counsel, and states by way of Complaint against Defendants, as follows:

## PARTIES

1. Plaintiff, Travelers Property Casualty Company of America (hereinafter, "Travelers"), as subrogee of NESCO, LLC (hereinafter, "NESCO" or "Travelers' Insured"), is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business located at 1 Tower Square in Hartford, Connecticut.

2. At all times relevant hereto, Travelers was authorized to issue and administer insurance policies in the State of Tennessee.

3. Defendant, Strategic Partner LLC, is a limited liability corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 6550 Highway 51 South in Brighton, Tennessee.

4. Upon information and belief, the partners of Strategic Partner LLC are citizens of Tennessee.

5. Defendant, SP National Management LLC, is a limited liability corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 6550 Highway 51 South in Brighton, Tennessee.

6. Upon information and belief, the partners of SP National Management LLC are citizens of Tennessee.

7. Defendant, Strategic Partner TN LLC, is a limited liability corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 6550 Highway 51 South in Brighton, Tennessee.

8. Upon information and belief, the partners of Strategic Partner TN LLC are citizens of Tennessee.

9. Defendant, Strategic Partner Holding, LLC, is a limited liability corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 6550 Highway 51 South in Brighton, Tennessee.

10. Upon information and belief, the partners of Strategic Partner Holding, LLC are citizens of Tennessee.

11. Defendants, Strategic Partner, LLC, SP National Management LLC, Strategic Partner TN LLC, and Strategic Partner Holding, LLC, are hereinafter collectively referred to as the "SP Entities."

12. Upon information and belief, Gil Starnes is the owner/CEO of Starnes Electric Company (hereinafter "Starnes") and is a citizen of Tennessee residing at 75 Lisa Lane, Munford TN 38058.

13. At all times relevant hereto, and upon information and belief, Advanced Machine Technologies, Inc. (hereinafter, "Advanced Technologies") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 2600 Abutment Road in Dalton, Georgia.

14. Defendant, Haley Electric LLC (hereinafter, "Haley"), is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business located at 4174 Highway 59 West in Covington, Tennessee.

15. Upon information and belief, the partners of Haley are citizens of Tennessee.

## JURISDICTION AND VENUE

16. Jurisdiction in this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

17. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Tennessee.

## GENERAL ALLEGATIONS

18. At all times relevant hereto, Travelers provided property and business insurance to NESCO for its leased commercial property located at 6500 Highway 51 South in Brighton Tennessee (hereinafter, the "Property"), pursuant to a policy of insurance, Policy Number Y-630-331D1717-TIL-19 (hereinafter, the "Policy").

19. At all times relevant hereto, NESCO was and is in the business of leasing construction and wire installation equipment to utilities and telecommunications companies.

20. At all times relevant hereto, NESCO stored its equipment at the Property.

21. At all times relevant hereto, the SP Entities leased warehouse space adjacent to NESCO's leased space at the Property.

22. At all times relevant hereto, upon information and belief, the SP Entities were engaged in the business of cleaning and reselling used mattresses.

23. At all times relevant hereto, the SP Entities used their warehouse space at the Property to operate a drying system which consisted of a conveyor line that treated, cleaned, and dried mattresses for resale.

24. Upon information and belief, the subject drying system was designed by Advanced Technologies.

25. Prior to May 4, 2020, upon information and belief, the SP Entities' mattress drying system consisted of an automatic conveyor which had a combustible wooden tunnel installed over the conveyor racks.

26. Prior to May 4, 2020, upon information and belief, the exterior of the wooden tunnel was covered with fiberglass insulation.

27. Prior to May 4, 2020, blowers, radiant heaters, and dehumidifiers were mounted inside the tunnel to dry out wet mattresses that had been treated with cleaning liquids.

28. Prior to May 4, 2020, upon information and belief, Haley installed the heaters and drying equipment within the tunnel for the drying system.

29. Prior to May 4, 2020, upon information and belief, Starnes was consulted regarding the design and installation of the electrical facilities for the drying system.

30. On May 4, 2020, a fire (hereinafter, the "Fire") began at the end of the SP Entities' drying system.

31. The Fire consumed the wooden tunnel and spread throughout the Property causing fire, smoke, and water damage.

32. As a direct and proximate result of the Fire, NESCO sustained damages in excess of $75,000.00.

33. As a result of the May 4, 2020 Fire, and pursuant to terms and conditions of the Policy, Travelers made payments to, or on behalf of, NESCO in excess of $75,000.00.

34. As a result of the payments made to, or on behalf of, NESCO, and pursuant to the terms and conditions of the Policy, Plaintiff, Travelers, is legally, equitably and contractually subrogated to the rights of NESCO to the extent of its payments.

**COUNT I – NEGLIGENCE**
**Plaintiff v. the SP Entities**

35. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

36. At all times relevant hereto, the SP Entities had a duty to use ordinary care in connection with their operation of their drying system so as to prevent the risk of harm from fire.

37. The SP Entities breached this duty by:

   a. Constructing and operating the subject drying system with a combustible wood tunnel;

   b. Allowing heaters to be attached to the combustible wood tunnel for the subject drying system;

   c. Operating the subject drying system with no supervision;

   d. Failing to hire a qualified electrical contractor to perform the installation of the subject heaters, as well as other electrical work, in the subject drying system;

   e. Failing to ensure that the heaters and other heat producing devices were installed with sufficient clearance to mattresses and other combustible materials to prevent the risk of fire;

   f. Failing to comply with applicable State of Tennessee, national, and/or industry codes, regulations, and standards for the operation and maintenance of the subject drying system; and

   g. Such other negligence that will be obtained in discovery.

38. The Fire and resultant damages that occurred on or about May 4, 2020 at the Property were a direct and proximate result of the SP Entities' negligence, gross negligence,

carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions as averred above.

39. As a direct and proximate result of the SP Entities' negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers' Insured, NECSO, suffered substantial damages and losses in in excess of $75,000.00.

40. As a direct and proximate result of the SP Entities' negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers made payments to or on behalf of NESCO pursuant to the terms and conditions of the Policy.

41. As a result of the payments made to or on behalf of NESCO and pursuant to the terms and conditions of the Policy, Travelers is legally, equitably, and contractually subrogated to the rights of NESCO.

WHEREFORE, Plaintiff, Travelers Property Casualty Company of America as subrogee of NESCO, LLC, demands judgment in its favor and against Defendants, the SP Entities, on Count I of the Complaint for compensatory damages in excess of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

### COUNT II – NEGLIGENCE
**Plaintiff v. Advanced Machine Technologies, Inc.**

42. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

43. At all times relevant hereto, Advanced Machine had a duty to use ordinary care in connection with its design of the subject drying system as to prevent the risk of harm from fire.

44. Advanced Machine breached this duty by:

a. Failing to comply with applicable State of Tennessee, national, and/or industry codes, regulations, including but not limited to, standards for the design of systems to dry combustible materials;

b. Designing the subject drying system with heaters mounted within a combustible wooden tunnel;

c. Failing to ensure that the heaters and other heat producing devices were installed with sufficient clearance to mattresses and other combustible materials to prevent the risk of fire;

d. Designing the subject drying system to run automatically and without supervision; and

e. Such other negligence that will be obtained in discovery.

45. The Fire and resultant damages that occurred on or about May 4, 2020 at the Property were a direct and proximate result of Advanced Machine's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions as averred above.

46. As a direct and proximate result of Advanced Machine's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers' Insured, NESCO, suffered substantial damages and losses in excess of $75,000.00.

47. As a direct and proximate result of Advanced Machine's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers made payments to or on behalf of NESCO pursuant to the terms and conditions of the Policy.

48. As a result of the payments made to or on behalf of NESCO and pursuant to the terms and conditions of the Policy, Travelers is legally, equitably, and contractually subrogated to the rights of NESCO.

WHEREFORE, Plaintiff, Travelers Property Casualty Company of America as subrogee of NESCO, LLC, demands judgment in its favor and against Defendant, Advanced Machine, on Count II of the Complaint for compensatory damages in excess of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

### COUNT III – NEGLIGENCE
### Plaintiff v. Haley Electric LLC

49. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

50. At all times relevant hereto, Haley had a duty to use ordinary care in connection with its electrical work regarding the subject drying system as to prevent the risk of harm from fire.

51. Haley breached this duty by:

   a. Failing to comply with applicable State of Tennessee, national, and/or industry codes, regulations, and standards for electrical work regarding combustible materials, including failing to ensure the proper clearance between the combustible mattresses and heaters mounted within the drying system;

   b. Failing to ensure that the heaters and other heat producing devices were installed with sufficient clearance to mattresses and other combustible materials to prevent the risk of fire; and

   c. Such other negligence that will be obtained in discovery.

52. The Fire and resultant damages that occurred on or about May 4, 2020 at the Property were a direct and proximate result of Haley's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions as averred above.

53. As a direct and proximate result of Haley's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers' Insured, NESCO, suffered substantial damages and losses in excess of $75,000.00.

54. As a direct and proximate result of Haley's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers made payments to or on behalf of NESCO pursuant to the terms and conditions of the Policy.

55. As a result of the payments made to or on behalf of NESCO and pursuant to the terms and conditions of the Policy, Travelers is legally, equitably, and contractually subrogated to the rights of NESCO.

WHEREFORE, Plaintiff, Travelers Property Casualty Company of America as subrogee of NESCO, LLC, demands judgment in its favor and against Defendant, Haley, on Count III of the Complaint for compensatory damages in excess of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

### COUNT IV – NEGLIGENCE
**Plaintiff v. Starnes Electric Company**

56. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein at length.

57. At all times relevant hereto, Starnes had a duty to use ordinary care in connection with its electrical work regarding the subject drying system as to prevent the risk of harm from fire.

58. Starnes breached this duty by:

   a. Failing to comply with applicable State of Tennessee, national, and/or industry codes, regulations, and standards for electrical work regarding combustible materials, including failing to ensure the proper clearance between the combustible mattresses and heaters mounted within the drying system;

   b. Failing to ensure that the heaters and other heat producing devices were installed with sufficient clearance to mattresses and other combustible materials to prevent the risk of fire; and

   c. Such other negligence that will be obtained in discovery.

59. The Fire and resultant damages that occurred on or about May 4, 2020 at the Property were a direct and proximate result of Starnes's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions as averred above.

60. As a direct and proximate result of Starnes's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers' Insured, NECSO, suffered substantial damages and losses in excess of $75,000.00.

61. As a direct and proximate result of Starnes's negligence, gross negligence, carelessness, recklessness and/or wanton and/or willful and/or negligent acts and/or omissions, Travelers made payments to or on behalf of NESCO pursuant to the terms and conditions of the Policy.

62. As a result of the payments made to or on behalf of NESCO and pursuant to the terms and conditions of the Policy, Travelers is legally, equitably, and contractually subrogated to the rights of NESCO.

WHEREFORE, Plaintiff, Travelers Property Casualty Company of America as subrogee of NESCO, LLC, demands judgment in its favor and against Defendant, Starnes, on Count IV of the Complaint for compensatory damages in excess of $75,000.00, together with interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Travelers Property Casualty Company of America, hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

 /s/ Gail Vaughn Ashworth
Gail Vaughn Ashworth, #10656
**WISEMAN ASHWORTH TRAUGER**
511 Union Street
Suite 800
Nashville, TN 37219-1743
(615) 254-1877
gail@watlawgroup.com
*Attorneys for Plaintiff Travelers Property Casualty Company of America*