IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA as subrogee of NESCO, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SP NATIONAL MANAGEMENT, LLC, et al.,<br><br>    Defendants. | No. 2:22-cv-02589-SHL-atc |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTER-COMPLAINT AND DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND COUNTER-COMPLAINT**

Before the Court are Plaintiff Travelers Property Casualty Company of America's ("Travelers"), as subrogee of Nesco, LLC's ("Nesco") (collectively "Plaintiff"), Motion to Dismiss Counter-Complaint of the Martha C. Allen Living Trust ("Allen Trust") and BCI Industries, Inc. ("BCI") (collectively "Defendants") under Rule 12(b)(6), (ECF No. 127), Defendants' Response, (ECF No. 137), and Plaintiff's Reply, (ECF No. 148). For the following reasons, the Motion is **GRANTED** and the Counter-Complaint is **DISMISSED**.

Given this ruling, Defendants' Motion for Leave to Amend Counter-Complaint, (ECF No. 186), is **DENIED AS FUTILE**. However, Defendants may file an additional Motion for Leave to Amend that does not include their now-dismissed Counter-Complaint against Plaintiff.

**FACTUAL BACKGROUND**

The following facts are taken from Plaintiff's First Amended Complaint ("FAC"), (ECF No. 75), and Defendants' Counter-Complaint, (ECF No. 115), and are accepted as true for

purposes of this Motion. The Court only discusses the facts that are pertinent to Plaintiff's Motion.

On October 6, 2017, Nesco entered into a lease agreement with Defendants for a commercial property in Brighton, Tennessee. (ECF No. 115 at PageID 666.) The agreement provided for Nesco to be the tenant, Allen Trust to be the landlord, and BCI to be the management company. (Id.) As part of their agreement, Nesco and Defendants agreed to a waiver of subrogation provision, which states that:

> **13. Liability and Indemnification**. . . . Notwithstanding any other provisions herein, Landlord and Tenant shall be liable to the other party only to the extent that the other party is not reimbursed therefor by the proceeds of insurance, and each party's insurance policy shall be endorsed to provide that the payor insurer shall have no right of subrogation against either party.

(Id.)

Co-Defendant SP National Management, LLC ("SP National") leased warehouse space for its mattress cleaning and reselling business adjacent to Nesco's leased property. (ECF No. 75 at PageID 386-87.) On May 4, 2020, a fire began in SP National's warehouse space and spread to Nesco's leased property, causing extensive damage to its business property. (Id. at PageID 387-88.)

At all relevant times, Travelers provided property and business insurance to Nesco for the leased property, pursuant to a policy of insurance, Policy Number Y-630-331D1717-TIL-19 ("the policy"). (Id. at PageID 386.) As a result of the fire, and pursuant to the terms of the policy, Travelers made payments to Nesco in excess of $75,000. (Id. at PageID 388.) According to Travelers, it is legally subrogated to Nesco's rights to the extent of its payments. (Id.)

## PROCEDURAL HISTORY

Plaintiff initiated this subrogation action by filing a Complaint on September 8, 2022. (ECF No. 1.) On January 10, 2023, Plaintiff filed its FAC that added claims and defendants, including, relevant to the Motion, Defendants Allen Trust and BCI. (ECF No. 75.) Plaintiff alleges that Defendants were negligent in their oversight, ownership, and/or management of Nesco's leased property which led to the fire and associated damages. (Id. at PageID 396.)

On March 2, 2023, Defendants responded to the FAC with an Answer, Counter-Complaint, and Crossclaim. (ECF No. 115.) In the Counter-Complaint, Defendants allege that Plaintiff, by bringing this suit, materially breached the waiver of subrogation provision in the lease agreement between Nesco and Defendants. (See id. at Page 666, 668.) The Counter-Complaint also alleges that Travelers is an agent of Nesco for all intents and purposes in this matter.[1] (Id. at PageID 668.) On March 23, 2023, Plaintiff filed its Motion to Dismiss the Counter-Complaint, arguing that Defendants failed to plead a cognizable breach of contract claim. (ECF No. 127-1 at PageID 779.)

## LEGAL STANDARD

Plaintiff seeks to dismiss Defendants' Counter-Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a 12(b)(6) motion to dismiss, the Counter-Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party shows that they are entitled to relief by "plausibly suggesting" that they can meet the elements of their claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A suggestion is plausible when it contains enough factual content that the court can

---

[1] In their Response, Defendants abandoned their agency argument in favor of a third-party beneficiary theory. See infra.

3

reasonably infer that the defendant is liable.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Legal conclusions, "formulaic recitation[s]" of the claim's elements, and "naked assertion[s]" of liability are all insufficient.  Id. (quoting Twombly, 550 U.S. at 557).  Applying this standard, the Court must construe the Counter-Complaint in the light most favorable to Defendants, accept its allegations as true, and draw all reasonable inferences in Defendants' favor.  See Lowe v. Lincoln Nat'l Life Ins. Co., 821 Fed. App'x 489, 491 (6th Cir. 2020) (citing DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)).  However, "legal conclusions or unwarranted factual inferences" should not be accepted as true.  Treesh, 487 F.3d at 476.

## ANALYSIS

Plaintiff argues that Defendants' Counter-Complaint fails to state a claim upon which relief can be granted.  Specifically, Plaintiff argues that Defendants fail to plead a cognizable breach of contract claim because:  (1) the Counter-Complaint is based on a waiver of subrogation,[2] which is a defense and not an affirmative cause of action, and (2) Defendants fail to establish that Plaintiff is a third-party beneficiary of Nesco.  Both arguments are discussed below.

### I.   Waiver of Subrogation

Defendants' Counter-Complaint includes a breach of contract claim, alleging that Plaintiff materially breached the waiver of subrogation provision of the lease agreement between

---

[2] Defendants cite the Liability and Indemnification Provision from the lease agreement between Nesco and Defendants as the basis of their Counter-Complaint. (ECF No. 115 at PageID 666.)  This provision includes language related to waiver of subrogation and indemnification.  (Id.)  In their Motion, Plaintiff argues that it cannot be liable for breach of a contract for indemnification.  (ECF No. 127-1 at PageID 782.)  However, in their Response, Defendants clarify that the Counter-Complaint's breach of contract claim rests on the waiver of subrogation provision, not Plaintiff's failure to indemnify Defendants.  (ECF No. 137 at PageID 837.)  Because it is not at issue, the Court does not discuss Plaintiff's indemnification arguments.

Nesco and Defendants. (ECF No. 115 at PageID 668.) To prevail on a breach of contract claim under Tennessee law,[3] a plaintiff must prove: (i) the existence of an enforceable contract, (ii) nonperformance that amounts to a material breach, and (iii) damages that were caused by the breach. ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

The Parties dispute whether Defendants plead a cognizable breach of contract claim. Plaintiff argues that the Counter-Complaint fails to plead a breach of contract claim because Defendants rely upon a waiver of subrogation within the lease, and, under Tennessee law, a waiver of subrogation is an affirmative defense and not a cause of action upon which relief can be granted. (ECF No. 127-1 at PageID 781-82.)

In Response, Defendants argue that Plaintiff's violation of the waiver of subrogation provision can form the basis of a cognizable breach of contract claim. (ECF No. 137 at PageID 835.) Defendants do not contest that waivers of subrogation are considered affirmative defenses under Tennessee law. Rather, Defendants cite two cases applying Massachusetts law— Haemonetics Corp. v. Brophy & Phillips Co., 501 N.E.2d 524 (Mass. Ct. App. 1986) and Great N. Ins. Co. v. Architectural Env'ts, Inc., 514 F. Supp. 2d 139 (D. Mass. 2007)—as persuasive authority for the proposition that a waiver of subrogation can support an affirmative cause of action. (Id. at PageID 835-37.)

Even considering the Massachusetts cases, Defendants cite no legal authority to support their use of a waiver of subrogation as an affirmative cause of action. To begin, Tennessee law is clear that waiver is an affirmative defense that must be pled or is waived as a matter of law. Hollingsworth v. S. & W. Pallet Co., 74 S.W.3d 347, 353-54 (Tenn. 2002); Tenn. R. Civ. P.

---

[3] The Parties agree that Tennessee substantive law governs this diversity action. (See ECF No. 127-1 at PageID 780-81; ECF No. 137 at PageID 833.)

8.03. As such, waivers of subrogation are an affirmative defense and not an affirmative cause of action. Phoenix Ins. Co. v. Est. of Gainer, 2008 WL 5330493, at *14 (Tenn. Ct. App. Dec. 19, 2008).

Defendants' reliance on Massachusetts law is unpersuasive for two reasons. First, and most importantly, it is undisputed that the events giving rise to this dispute took place in Tennessee, not Massachusetts. Therefore, the Court applies the law of Tennessee, not Massachusetts. Second, even if the Court were to apply Massachusetts law, these cases actually undermine Defendants' arguments. They do state that waivers of subrogation are enforceable under Massachusetts law. Haemonetics, 501 N.E.2d at 257; Great N. Ins. Co., 514 F. Supp. 2d at 144. But, as Plaintiff points out, both defendants in these cases asserted waivers of subrogation as affirmative defenses, not as affirmative causes of action. See Haemonetics, 501 N.E.2d at 257; Great N. Ins. Co., 514 F. Supp. 2d at 143. For these reasons, Defendants fail to plausibly suggest that they would be entitled to pursue a breach of contract claim based on the policy's waiver of subrogation.

## II. Third-Party Beneficiary

In the Counter-Complaint, Defendants allege that Travelers is an agent of Nesco for all intents and purposes in this matter. (ECF No. 115 at PageID 668.) However, Defendants revised their position in their Response, stating that Plaintiff is not an agent of Nesco, but rather a third-party beneficiary. (ECF No. 137 at PageID 837.) Defendants argue that Plaintiff is a third-party beneficiary because the lease agreement with Nesco was entered into for Plaintiff's benefit. (Id.) Therefore, Defendants conclude that Plaintiff must bear the burden of the lease agreement, including the waiver of subrogation. (Id.) In its Reply, Plaintiff argues that Travelers is not a

third-party beneficiary of Nesco as there is no evidence that the lease agreement was entered into for its own benefit.  (ECF No. 148 at PageID 873-74.)

The Court agrees with Plaintiff.  To establish a third-party beneficiary relationship, a party must show:  (1) a valid contract made upon sufficient consideration between the promisor and the promise; and (2) the clear intent to have the contract operate for the benefit of the third party.  Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc., 59 S.W.3d 63, 68–69 (Tenn. 2001).  In addition to failing to plead Plaintiff's third-party beneficiary status in its Counter-Complaint, Defendants also fail to provide any evidence that could plausibly suggest that the lease agreement was intended to operate for Plaintiff's benefit.  Therefore, Defendants fail to properly allege that Plaintiff is a third-party beneficiary of the lease agreement.

## CONCLUSION

Defendants' Counter-Complaint does not state a cognizable breach of contract claim as it is based on an affirmative defense, not an independent cause of action, and fails to properly allege a third-party beneficiary theory.  As such, Defendants' Counter-Complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  The Motion to Dismiss is **GRANTED** and the Counter-Complaint is **DISMISSED**.

**IT IS SO ORDERED,** this 7th day of July, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE