IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of NESCO, LLC, <br><br>    Plaintiff, <br><br>v. <br><br>STRATEGIC PARTNER LLC, et al., <br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) )    No. 2:22-cv-02589-SHL-atc |

## ORDER GRANTING JOINT RULE 21 MOTION TO DISMISS DEFENDANTS GIL STARNES D/B/A STARNES ELECTRIC COMPANY, ATLANTA ATTACHMENT CO., AND ADVANCED MACHINE TECHNOLOGIES

Before the Court is Plaintiff Travelers Property Casualty Company of America, as subrogee of NESCO, LLC, and Cross Plaintiffs The Martha C. Allen Living Trust; Bobby Allen, Individually and d/b/a Southern Company; Southern Development Company, LLC; and BCI Industries, Inc.'s, motion pursuant to Rule 21 of the Federal Rules of Civil Procedure to dismiss Defendants Gil Starnes d/b/a Starnes Electric Company, Atlanta Attachment Co., and Advanced Machine Technologies, Inc., filed August 16, 2024. (ECF No. 285.)

In cases with multiple defendants, "Rule 21 provides the appropriate basis for dismissal of a single defendant." Henderson-Thompson v. Jardoin, No. 2:22-cv-2013-MSN-cgc, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022) (citing Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 785 (6th Cir. 1961)); see also Wilkerson v. Brakebill, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (collecting district court cases from within the Sixth Circuit that recognize that Rule 21, rather than Rule 41, is applicable when dismissing a single claim or defendant rather than an entire lawsuit). Rule 21 provides that, "[o]n motion or on its

own, the court may at any time, on just terms, add or drop a party." Dropping parties under Rule 21 functions as a dismissal of the party. See Henderson-Thompson, 2022 WL 349896, at *2.

"While Rule 41 'necessarily involves dismissal of the entire action, rather than merely certain claims[,] . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant' when evaluating a motion to dismiss under Rule 21." Id. (quoting Brakebill, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2). These Rule 41 standards evaluate whether the non-moving party would suffer prejudice. The fact that this is a joint motion and that the remaining Defendants have not objected, there are no concerns about prejudice. Therefore, for good cause shown, the motion is **GRANTED**. All claims against Gil Starnes d/b/a Starnes Electric Company, Atlanta Attachment Co., and Advanced Machine Technologies, Inc. are **DISMISSED WITH PREJUDICE**. This dismissal does not apply to the remaining Defendants.

**IT IS SO ORDERED**, this 3rd day of September, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE